**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KYU PYO HAN, | No. 09-71029 |
| Petitioner, | Agency No. A098-761-436 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2011[**]

Before:  SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Kyu Pyo Han, a native and citizen of South Korea, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum and

withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

Although Han contends he has a well-founded fear of persecution, he does not challenge the agency's dispositive findings that he is statutorily ineligible for asylum due to his untimely application and aggravated felony conviction. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Accordingly, Han's asylum claim fails.

Further, although Han contends he established a clear probability of persecution by loan sharks in South Korea, he does not challenge the agency's dispositive finding that he failed to establish a nexus to a protected ground. *See id*. Accordingly, Han's withholding of removal claim fails.

Finally, Han's contention that the IJ and BIA failed to consider all of the evidence before them is belied by the record. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on due process claim).

**PETITION FOR REVIEW DENIED.**